UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH GENOVESE <br>    Plaintiff | * <br> *   CIVIL ACTION NO.: <br> * |
| VERSUS | *   JUDGE: <br> * |
| QBE SPECIALTY INSURANCE COMPANY <br>    Defendant | *   MAGISTRATE: <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1441, Defendant, QBE Specialty Insurance Company ("QBE"), by and through undersigned counsel, respectfully submits this Notice of Removal of the above-captioned action, bearing Docket No. 830,426 in the 24th Judicial District for the Parish of Jefferson, to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, QBE avers as follows:

**I.   FACTUAL BACKGROUND**

1. On July 14, 2022, plaintiff, Joseph Genovese ("Plaintiff"), commenced this action through the filing of a Petition for Damages in the 24th Judicial District for the Parish of Jefferson, State of Louisiana, styled as *"Joseph Genovese v. QBE Specialty Insurance Company"*, bearing Docket No. 830,426, Division G.[1]

2. QBE's agent for service of process was served with the Citation and the Petition for Damages on July 28, 2022.[2]

---

[1] Exhibit "A", entire record of the state district court.
[2] Exhibit "A", Service of Process correspondence from Louisiana Secretary of State

1

3. Plaintiff is a resident of and domiciled in the Parish of Jefferson, State of Louisiana.[3]

4. QBE is a corporation organized and existing under the laws of the State of North Dakota and maintains its principal place of business in New York.

5. QBE is the only defendant named in the Petition filed on July 14, 2022 and served on QBE on July 28, 2022.[4]

6. Plaintiff alleges that Hurricane Ida caused significant damage to his property located at 2401 Metairie Heights Avenue, Metairie, Louisiana.[5]

7. Plaintiff alleges that QBE breached its contractual duties under its insurance policy by failing to compensate Plaintiff for amounts due under the policy. Plaintiff further alleges that QBE's failure to pay the amount due constitutes arbitrary and capricious behavior in violation of La. R.S. § 22:1973 and La. R.S. § 22:1892.[6]

## II.   GROUNDS FOR REMOVAL — DIVERSITY OF CITIZENSHIP JURISDICTION

8. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because (A) complete diversity of citizenship exists between Plaintiff and the sole defendant and (B) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. § 1441.

### A.   Complete Diversity of Citizenship

9. In the case at bar, the Petition states that Plaintiff is a resident of and domiciled Jefferson Parish, which is located in the State of Louisiana.[7] For purposes of federal diversity

---

[3] *See* Exhibit "A", Plaintiff' Petition, introduction paragraph and ¶ II.
[4] Exhibit "A", Plaintiff' Petition.
[5] *See* Exhibit "A", Plaintiff' Petition at ¶¶ III.
[6] *See* Exhibit "A", Plaintiff' Petition at ¶¶ VIII - X.
[7] *See* Exhibit "A", Plaintiff' Petition at introduction paragraph and ¶ II.

jurisdiction, a natural person is deemed a citizen of the state where he or she is domiciled.[8] Thus, Plaintiff is a citizen of Louisiana for purposes of diversity jurisdiction.

10. QBE is a corporation. The citizenship of a corporation for diversity purposes is determined by looking to both "the state in which it was incorporated and the state in which it has its principal place of business."[9] At all times relevant, QBE was and is incorporated in North Dakota with its principal place of business in New York. Therefore, QBE is a citizen of the State of New York and/or North Dakota for purposes of diversity jurisdiction.

11. The complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiff and QBE are citizens of different states.

### B. Amount in Controversy

12. Pursuant to 28 U.S.C. § 1466 (c)(2)(A)(ii)-B, if the state in which a removed suit does not permit demand for a specific sum, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. Article 893 of the Louisiana Code of Civil Procedure states that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."

13. The Fifth Circuit has articulated a "clear analytical framework" for assessing 28 U.S.C. § 1332's amount in controversy requirement in cases removed from Louisiana state court on the basis of diversity jurisdiction.[10] Under that framework, the removing defendant must show "by a preponderance of the evidence" that the amount in controversy exceeds $75,000.[11] To satisfy

---

[8] *See Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous").
[9] *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citing *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988)).
[10] *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 2000); *see also* La. Code Civ. Proc. art. 893.
[11] *See Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003); *Loque v. Allstate Ins. Co.*, 314 F.3d 776, 779 (5th Cir. 2002).

this burden, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[12] The Fifth Circuit has allowed removing defendants to meet this "plausible allegation" requirement by demonstrating that the facts alleged by the plaintiff make it "facially apparent" that the amount in controversy is sufficient.[13]

14. Therefore, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount. The removing party may meet its burden of proof by (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000" or (2) establishing "summary judgment type evidence" to support a finding that the amount exceeds $75,000[14] To that end, a notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation.[15] However, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.[16] A court's determination of whether the amount in controversy requirement is

---

[12] *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Further, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) **only** when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554 (emphasis added).
[13] *See id.*
[14] *See, e.g., Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[15] *See Dart, supra.*
[16] *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (ruling that if the defendant is successful, the plaintiff seeking remand must "show that, as a matter of law, it is certain that he will not be able to recover more than the" statutory amount.).

4

facially apparent from a petition should focus on the categories of alleged injuries and damages as well as the tortious nature of the Plaintiff's claim.[17]

15. Plaintiff's Petition does not allege a specific monetary amount of damages. However, in his Petition, Plaintiff allege that their property, located at 2401 Metairie Heights Avenue, Metairie, Louisiana, and insured by QBE pursuant to a homeowner's policy sustained substantial storm-related damages on August 29, 2021, resulting from Hurricane Ida.[18] Plaintiff alleges that after inspections of the property by independent adjusters and public adjusters, he is owed an additional $53,642.21 payment for the alleged damages to the property.[19] Plaintiff also alleges he is entitled to penalties pursuant to La. R.S. §§ 22:1973 and 22:1892 in addition to damages for his covered losses and general damages.[20]

16. Accordingly, given that Plaintiff's estimate alleges that the property damage exceeds QBE's determination of undisputed losses by at least over $50,000, plus the claimed statutory penalties, the amount in controversy for the claims asserted against QBE clearly exceeds $75,000.

17. For each of the foregoing reasons, it is apparent that the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of costs and interest. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III. TIMELINESS OF REMOVAL AND FORUM-DEFENDANT RULE

18. QBE has demonstrated that this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because it is a civil action between parties of diverse citizenship wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Now, QBE

---

[17] *See generally*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[18] Exhibit "A" Plaintiff' Petition at ¶¶ I - III.
[19] Exhibit "A" Plaintiff' Petition at ¶¶ VII.
[20] *See* Exhibit "A", Plaintiff' Petition at ¶¶ VIII - X.

5

further shows that this Removal is timely made under 28 U.S.C. § 1446(b)(1) and does not violate the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2).

### A. This Removal is Timely Under 28 U.S.C. § 1446(b)(1)

19. The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b). When a case is removable based solely on the allegations set forth in the Plaintiff' initial pleading that statute requires the notice of removal be filed within thirty (30) days following service on the removing defendant.[21]

20. QBE was served via the Louisiana Secretary of State on July 28, 2022.[22]

21. This Notice of Removal was filed less than 30 days after QBE received service of Plaintiff' Petition. Accordingly, is timely under 28 U.S.C. § 1441(b)(1).

### B. This Removal Does Not Violate Rule 28 U.S.C. § 1441(b)(2)

22. The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

23. Here, QBE is not a Louisiana citizen, and therefore, this Removal does not violate the forum-defendant rule.

### IV. CONSENT TO REMOVAL

24. When a civil action is removed and there are multiple defendants to the state action, all properly joined defendants must join the removal petition.[23]

25. QBE is the only named defendant in Plaintiff's Petition, and therefore, the consent

---

[21] 28 U.S.C. 1446(b)(1); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).
[22] *See* Exhibit "A", Service of Process correspondence from Louisiana Secretary of State
[23] *See* 28 U.S.C. § 1446.

requirement does not apply.

### V.  PROCEDURAL COMPLIANCE AND CONCLUSION

26. Thus, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

27. Attached to this Notice of Removal, and by reference made part hereof, are true and correct copies of all process, pleadings, and orders served upon the defendant in the action pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana in the Action, pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" QBE are attached hereto as Exhibit "A".

28. Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for Jefferson Parish, State of Louisiana.

29. By removing the Action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, QBE does not waive, and hereby reserves, all defenses and objections to the Petition, including, but not limited to, lack of personal jurisdiction, improper venue, insufficiency of process, prematurity, failure to state a claim upon which relief may be granted, or any other procedural remedies available to it.

30. By removing this action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, QBE does not admit any of the allegations in the Petition.

31. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge,

information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

**WHEREFORE**, defendant, QBE Specialty Insurance Company, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse and the jurisdictional amount has been met.

        Respectfully submitted,

        */s/* Patrick O. Weilbaecher
        ROBERT I. SIEGEL (Bar No. 12063)
        LEO R. MCALOON (Bar No. 19044)
        PATRICK O. WEILBAECHER (Bar No. 39383)
        **GIEGER, LABORDE & LAPEROUSE, L.L.C.**
        701 Poydras Street, 48th Floor
        New Orleans, LA 70139-4800
        Telephone: (504) 561-0400
        Facsimile: (504) 561-1011
        E-mail: rsiegel@glllaw.com
        E-mail: lmcaloon@glllaw.com
        E-mail: pweilbaecher@glllaw.com
        *Attorneys for QBE Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2022, I electronically filed a ***Notice of Removal*** with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties to this proceeding**.**

        */s/ Patrick O. Weilbaecher*
        Patrick O. Weilbaecher